IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ZETH TRAWICK,

        Appellant,

 v.                                   Case No.  5D16-2367

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed August 25, 2017

3.850 Appeal from the Circuit Court
for Volusia County,
Raul A. Zambrano and Margaret W.
Hudson, Judges.

Tiffany Gatesh Fearing, of Suncoast Legal
Group, P.L., Spring Hill, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Zeth Trawick ("Appellant") appeals the denial of two grounds of his twelve-ground

motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure

3.850. We affirm the denial of the first challenged ground without discussion. However,

we reverse the summary denial of the second ground and remand for an evidentiary hearing.

Throughout his trial for second-degree murder, Appellant maintained that he killed the victim in self-defense. Nonetheless, the jury found Appellant guilty, and the trial court sentenced him to life in prison.[1] Appellant subsequently filed a pro se motion for postconviction relief, alleging that his trial counsel provided ineffective assistance by failing to obtain exculpatory photographs and proceeding to trial without them. Specifically, he argued photographs of his hands and arms, taken by the DeLand Police Department, would have depicted a fresh cut, purportedly made by the victim's knife during the altercation that resulted in the victim's death. Appellant argued these photographs would have demonstrated that he had defensive wounds from attempting to deflect an attack. The trial court summarily denied this claim.

The record on appeal contains evidence that trial counsel otherwise explored Appellant's self-defense theory and cross-examined the medical examiner concerning the injuries to both the victim and Appellant. However, this evidence does not conclusively refute Appellant's claim that the introduction of the photographs would have bolstered his self-defense argument, especially in response to the State's introduction of photographs of the victim's defensive injuries and testimony from two witnesses denying the existence of Appellant's injury. Thus, we reverse the trial court's summary denial of this ground and remand for an evidentiary hearing on the matter. See Saunders v. State, 186 So. 3d 55,

---

[1] We per curiam affirmed Appellant's direct appeal of the judgment and sentence. Trawick v. State, 46 So. 3d 65 (Fla. 5th DCA 2010).

2

57 (Fla. 5th DCA 2016) ("Because claim 2 is not conclusively refuted by the attached record, we remand for an evidentiary hearing.").

AFFIRMED in Part; REVERSED in Part; REMANDED with Instructions.

ORFINGER, WALLIS and EISNAUGLE, JJ., concur.